CLD-113                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3979
_____

ARTHUR MILLARD,
                                                        Appellant

v.

H.L. HUFFORD; ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:10-cv-01593)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
**February 10, 2011**

Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:February 28, 2011)
_____

OPINION
_____

PER CURIAM

     Arthur Millard appeals from the District Court's order denying his habeas petition

filed pursuant to 28 U.S.C. § 2241.  For the following reasons, we will summarily affirm

the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

1

Millard, a federal prisoner, was charged with a disciplinary violation of possession of a weapon. According to the officer who wrote the incident report, he found a 9.5 inch shank (a homemade knife) made of copper pipe in Millard's cell inside a pair of socks in a mesh laundry bag sitting on top of Millard's bed. After a hearing, Millard was found guilty and sanctioned to sixty days of disciplinary segregation, a fifty-four-day disallowance of good conduct time, a 270-day forfeiture of non-vested good conduct time, a loss of telephone and visiting privileges for eighteen months, and a loss of commissary privileges for one year. After challenging the sanction through the Bureau of Prison's administrative process, Millard filed a § 2241 petition challenging the loss of good conduct time. The District Court denied the petition, and Millard filed a timely notice of appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In his habeas petition, Millard argued that his disciplinary proceedings violated his due process rights because he did not have access to video footage of his cell that he wished to utilize to prepare for his hearing. Millard, however, explicitly conceded in his reply brief that he had no viable due process claim. To the extent that a due process claim may have survived Millard's concession, the claim fails. For substantially the reasons outlined by the District Court, the process provided to Millard in the disciplinary proceedings satisfied the requirements of Wolff v. McDonnell, 418 U.S. 539, 563-67

2

(1974).

The claims that Millard continues to pursue assert that Millard's loss of good conduct time was unfair and unreasonable. Millard argued that his punishment violated the Fourteenth Amendment's Equal Protection Clause and also seems to argue a violation of the Eighth Amendment's prohibition on cruel and unusual punishment. The District Court did not frame the claims in terms of specific constitutional violations. Instead, the District Court found that the sanctions "fall within the severity level set forth for the prohibited act," and accordingly denied the habeas petition. Because Millard's claims lack merit, the District Court properly denied them.

The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To make out a successful claim, the petitioner must show purposeful discrimination that had a discriminatory effect on the petitioner. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987). Millard cited various cases in which inmates received less severe punishment for the same violation committed by Millard (possession of a weapon), arguing that because he received harsher punishment than other inmates for the same offense, the punishment must have been the result of discrimination. Beyond such an inference, however, Millard put forward no evidence that his punishment was the result of purposeful discrimination. Millard's argument falls well short of establishing the purposeful discrimination necessary to make out an equal protection claim. See id. (explaining that purposeful discrimination means "that the decisionmakers in [the claimant's] case acted with discriminatory purpose"). Accordingly, Millard's equal protection claim lacks merit.

3

Millard's argument that the punishment imposed was unreasonable could also be construed as an Eighth Amendment claim challenging a punishment as "grossly disproportionate to the severity of the crime." Rummel v. Estelle, 445 U.S. 263, 271 (1980). To the extent that a loss of good conduct time could constitute an Eighth Amendment violation, Millard's punishment does not reach that level of severity. Although the fifty-four-day disallowance of good conduct time and 270-day forfeiture of non-vested good conduct time in Millard's case was harsh punishment, it fell within the range of acceptable punishments outlined by the applicable regulations. See 28 C.F.R. § 541.13.[1] Accordingly, the punishment did not violate the Eighth Amendment and was reasonable in light of the regulations guiding Discipline Hearing Officer punishment decisions.[2]

Based on the above, the District Court properly denied Millard's habeas petition. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] Although the regulations state that the Discipline Hearing Officer ("DHO") will "ordinarily" disallow between 27-41 days of good conduct time, 28 C.F.R. § 541.13, Table 3(Greatest Category)(B.1), the regulations also permit the DHO "to go above the guideline range . . . for a greatly aggravated offense," as long as the departure from the guideline range is "documented and justified in the DHO report." Id. at Table 4(1)(b.1). The DHO explained in his report that the sanctions were imposed because "[p]ossession of a weapon can lead to serious injury . . . and may escalate into a major confrontation between inmates and staff . . . ." These are adequate reasons for imposing a harsher punishment than that recommended by the regulations' guidelines.

[2] To the extent that Millard challenges the constitutionally of 28 C.F.R. § 541.13 in his brief in support of appeal, the claim was never raised below and is accordingly waived on appeal.

1